# COUNTY OF PENOBSCOT.

———o———

WILLIAM A. BEARCE *versus* STILLMAN F. WASHBURN AND AL.

Where one person advances funds, and another furnishes his personal services and skill, in carrying on a trade or operation, and is to share in the profits: it amounts to a partnership.

REPORTED by APPLETON, J., presiding at *Nisi Prius*, from which it appears that this action was brought against the defendants as co-partners in a lumbering operation, and that the goods sued for were used in that operation for the benefit of both defendants, who shared equally in the profits, one having furnished funds and the other performed the necessary labor.

The only question raised was whether the defendants were co-partners.

The full court were authorized to render such judgment as the law of the case might require.

*H. P. Haynes,* counsel for the plaintiff, argued that the defendants were special partners for that operation, without articles of co-partnership in writing, and cited Story on Partnerships, 3d ed., pp. 59, 60, 61, 94, 96, 97.

*A. C. Smith, per se,* denied that he was a partner, or liable for any further amount than the specific sum which he agreed to advance.

RICE, J. Assumpsit against the defendants, as partners, for goods sold and delivered. Smith, one of the defendants, contests his liability as a partner, on the ground that there was no legal partnership existing between the defendants; or if the court should hold otherwise, that the goods sued

for were not sold and delivered to, and on the credit of, the partnership. Washburn, the other defendant, does not contend.

Partnership, often called co-partnership, is usually defined to be a voluntary contract between two or more competent persons, to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, with the understanding that there shall be a community of the profits thereof between them. Story on Partnerships, sec. 2.

If one person advances funds and another furnishes his personal services or skill in carrying on a trade, and is to share in the profits, it amounts to a partnership. 3 Kent's Com., p. 24; Dob v. Holsey, 16 Johns., 34.

The facts reported in this case, so far as the lumbering operation, in which they were engaged, is concerned, bring the defendants clearly within the definition of co-partners, both between themselves and in their relations with others. The evidence also shows that the goods sued for went to the use of the partnership, and were purchased with the knowledge and assent of both of the defendants. The papers referred to in the report have not come into the hands of the court.

*Defendant defaulted.*